2024 IL App (1st) 231535-U

No. 1-23-1535

Order filed November 15, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RON WISH, LLC, an Arizona limited liability company, | ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Cook County. |
| VELDE INVESTMENTS, LLC, an Illinois limited liability company; DAVID D. VELDE a/k/a DAVID VELDE; CITY OF CHICAGO; Unknown Owners and Non-Record Claimants, | ) ) ) ) ) ) | No. 22 CH 09272 Honorable Edward N. Robles, |
| Defendants, | ) ) | Judge presiding. |
| MOJAYO, LLC, an Illinois limited liability company, | ) ) | |
| Intervenor-Appellant. | ) | |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court erred in denying intervenor-appellant's petition to intervene after the foreclosure judgment and sale of the property. Reversed and remanded for further proceedings consistent with this order.

¶ 2    This appeal stems from the circuit court's denial of a petition filed by intervenor-appellant Mojayo, LLC (Mojayo), seeking to intervene in a foreclosure action after the judgment of foreclosure and judicial sale of the subject property. On appeal, Mojayo contends that the circuit court abused its discretion in denying its petition. For the following reasons, we reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this order.

¶ 3                                        I. BACKGROUND

¶ 4    On September 19, 2022, Ron Wish, LLC (plaintiff), an Arizona limited liability company, filed a complaint to foreclose mortgages, security agreements, and UCC fixture filings recorded against several Chicago properties including the subject property located at 230 Parkside Avenue (the Parkside Property). On March 8, 2023, the circuit court entered an order of default judgment of foreclosure against Velde Investments, LLC, David Velde, City of Chicago, and unknown owners and non-record claimants (collectively, defendants).

¶ 5    The judicial foreclosure sale for the Parkside Property took place on April 20, 2023, and was sold to Mojayo, as the successful bidder, for the sum of $121,000. On April 28, 2023, plaintiff filed its motion for an order seeking confirmation of the judicial foreclosure sale.

¶ 6    On May 8, 2023, Mojayo filed a petition seeking leave to intervene pursuant to section 2-408(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-408(a) (West 2022)), and to have the judicial foreclosure sale for the Parkside Property set aside. Mojayo claimed that after bidding on the property, it discovered that another foreclosure case had been filed by a different lender against the same property, which could result in a forfeiture of its interest. Mojayo contended that plaintiff knew about the other foreclosure case before it scheduled the foreclosure sale for the Parkside

Property, and that it would be fundamentally unfair to confirm the sale knowing that the ownership interest of Mojayo would likely be foreclosed by a subsequent sale of the property.

¶ 7    Plaintiff responded that because Mojayo sought to intervene after the sale of the property, its intervention was limited solely for the purpose of claiming an interest in the proceeds of the sale of the Parkside Property, pursuant to section 15-1501(e)(3) of the Illinois Mortgage Foreclosure Law (IMFL) (735 ILCS 5/15-1501(e)(3) (West 2022)).

¶ 8    On July 26, 2023, a hearing was held on plaintiff's motion to approve the sale and Mojayo's petition to intervene. A report of proceedings from this hearing does not appear in the record. At the conclusion of the hearing, Mojayo's petition to intervene was denied. The written order indicates that the petition was

> "denied pursuant to Sections 15-1107(a), 15-1501(d), and 15-1501(e) of the Illinois
>
> Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*) as such petition is limited
>
> for the sole purpose of claiming an interest in the proceeds of the foreclosure sale."

¶ 9    Plaintiff's motion for an order approving report and sale of distribution for the Parkside Property was granted. Mojayo now appeals.

¶ 10                                   II. ANALYSIS

¶ 11    On appeal, Mojayo contends that the circuit court erred in denying Mojayo's petition to intervene. We agree.

¶ 12    Section 2-408 of the Code governs the procedures for intervention generally. 735 ILCS 5/2-408 (West 2022). Intervention as of right is set forth in subsection (a) and states that upon timely application, anyone shall be permitted as of right to intervene in an action when: (1) a statute confers an unconditional right to intervene; or (2) the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or

judgment in the action; or (3) the applicant is so situated as to be adversely affected by distribution or other disposition of property in the custody, or subject to the control or disposition, of the court or court officer. *Id*. § 2-408(a).

¶ 13    Permissive intervention is set out in subsection (b) and states that upon timely application, anyone may, in the discretion of the court, be permitted to intervene in an action when: (1) a statute confers a conditional right to intervene, or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. *Id*. § 2-408(b).

¶ 14    Mojayo's petition to intervene cited section 2-408 of the Code but did not specify whether Mojayo was asserting a right to intervene under subsection (a) or requesting permissive intervention under subsection (b). In its brief on appeal, however, Mojayo cites to section 2-408(a)(2) for the proposition that it had the right to intervene because its interests were not protected by the existing parties, and section 2-408(a)(3) for the proposition that it would be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court. 735 ILCS 5/2-408(a)(2), (3) (West 2022). When intervention is asserted as a matter of right, as here, the circuit court is limited in its discretion to determining the timeliness of the application, inadequacy of representation, and the sufficiency of the applicant's position in the proceedings. *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 298 (1995).

¶ 15    Illinois courts have permitted third-party purchasers to intervene in mortgage foreclosure cases following the judicial foreclosure sale. *Id.* at 299 (finding that the circuit court should have allowed the third-party purchasers at judicial sale of property to intervene after the sale); *Fleet Mortgage Corp. v. Deale*, 287 Ill. App. 3d 385, 387 (1997) (allowing a third-party purchaser to

intervene after the foreclosure sale where mortgagors had already redeemed judgment amount prior to the sale and failed to cancel sale).

¶ 16 In *Citicorp Savings of Illinois*, the Bilanzics were the highest bidders for residential property sold by the sheriff at a mortgage foreclosure sale. 269 Ill. App. 3d at 294. The property had been foreclosed by Citicorp after its borrowers defaulted on their mortgage. *Id*. The circuit court refused to confirm the sale, finding Citicorp to have sold the property prematurely. *Id*. at 294-95. The Bilanzics filed a petition to intervene, but the circuit court denied their petition and reinstated the borrowers' mortgage with Citicorp. *Id*. at 295. On appeal, this court found that the circuit court's refusal to grant the Bilanzics' petition to intervene was improper pursuant to section 2-408(a)(3) of the Code. *Id*. at 298.

¶ 17 Similarly here, Mojayo was the highest bidder at a judicial foreclosure sale and paid $121,000 for the Parkside Property. After the judicial sale, and prior to the confirmation of sale, Mojayo allegedly discovered that another foreclosure case had been filed by a different lender against the same property. It therefore moved to intervene at that time so it could object to the confirmation of the judicial sale. Mojayo's interests were not adequately protected by the existing parties to the foreclosure case, and Mojayo was so situated as to be adversely affected by a distribution or other disposition of the subject property in the custody or subject to the control or disposition of the court. 735 ILCS 5/2-408(a)(2), (3) (West 2022). Accordingly, the circuit court should have granted Mojayo's petition to intervene.

¶ 18 To the extent that plaintiff maintains the IMFL prohibited Mojayo from intervening after the judicial sale unless it was pursuing an interest in the proceeds of sale, we find that argument to be without merit. Section 1501(d) of the IMFL states that any person "who has or claims an interest in real estate which is the subject of a foreclosure or an interest in any debt secured by the mortgage

shall have an unconditional right to appear and become a party in such foreclosure in accordance with subsection (e) of Section 15-1501 ***." 735 ILCS 5/15-1501(d) (West 2022). In denying Mojayo's petition to intervene, the circuit court relied on section 15-1501(e)(3), which provides that after the sale of the mortgaged real estate in accordance with a judgment of foreclosure, and prior to the entry of an order confirming the sale, a person who has or claims an interest in the mortgaged real estate may appear and become a party "for the sole purpose of claiming an interest in the proceeds of sale." *Id*. §1508(e)(3). However, Mojayo was not claiming an interest in the mortgaged real estate in this case. Rather, Mojayo was the successful third-party purchaser of the subject property, and thus section 15-1508(e)(3) was inapplicable. Accordingly, we find that the circuit court's denial of Mojayo's petition to intervene was improper. We reverse the circuit court's July 26, 2023, order denying Mojayo's petition to intervene and granting plaintiff's motion for an order approving the report of sale and distribution of the Parkside Property, and remand for further proceedings consistent with this order.

¶ 19                                III. CONCLUSION

¶ 20    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County, and remand the cause for further proceedings consistent with this order.

¶ 21    Reversed and remanded.